# UNITED STATES DISTRICT COURT
для the

District of Minnesota

United States of America
v.
Jamelle Davon Shoals

Case No: 08cr232(12) (MJD/AJB)

USM No: 14063-041

Date of Original Judgment: 11/18/2009

Date of Previous Amended Judgment: _____
*(Use Date of Last Amended Judgment if Any)*

Katherine Menendez, Office of the Federal Defender
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of __48__ months **is reduced to** __46__.

### I. COURT DETERMINATION OF GUIDELINE RANGE (Prior to Any Departures)
Previous Offense Level: 27                 Amended Total Offense Level: 23
Criminal History Category: I               Criminal History Category: I
Previous Guideline Range: 70-87            Amended Guideline Range: 46-57

### II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE
☒ The reduced sentenced is within the amended guideline range.

☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.

☐ The reduced sentence is above the amended guideline range.

### II. ADDITIONAL COMMENTS
In considering a § 3582(c)(2) motion, this Court is "bound by its previous determination" regarding the amount of drugs establishing the offense level. United States v. Adams, 104 F.3d 1028, 1030 (8th Cir. 1997). The Court must "leave all of its previous factual decisions intact when deciding whether to apply a guideline retroactively." Id. at 1031. Based on the facts available to the Court at the original time of sentencing, the Court concludes that there is no basis to hold Defendant accountable for more than 150 grams of cocaine base.

Except as otherwise provided, all provisions of the judgment dated __11/18/2009__ shall remain in effect.

**IT IS SO ORDERED.**
Order Date: 1-10-12

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Michael J. Davis, Chief Judge, D. Minn.
*Printed name and title*